810 F.2d 195
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Joseph A. SLEBODA, Petitioner,
v.
BENEFITS REVIEW BOARD; Director, Office of Worker's
Compensation Programs, United States Department of
Labor and Eastern Associated Coal
Company, Respondents.
 No. 84-1447.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 10, 1986.
Decided Jan. 20, 1987.
 
 Before WINTER, Chief Judge, CHAPMAN, Circuit Judge and HAYNSWORTH, Senior Circuit Judge.
 H. John Taylor for appellant.
 George Blizzard, II, Denise Butler Harty, J. Michael O'Neill for appellees.
 CHAPMAN, Circuit Judge:
 
 
 1
 Joseph A. Sleboda appeals the decision of the Benefits Review Board (BRB) affirming the Administrative Law Judge (ALJ), and denying benefits on a claim filed pursuant to Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 et seq. (The Act). This appeal was held in abeyance pending the decision of this court in Stapleton v. Westmoreland Coal Co., 785 F.2d 424 (4th Cir.1986).
 
 
 2
 Appellant initially argued that consideration by the ALJ, for rebuttal purposes, of pulmonary function studies, which did not satisfy the requirements for invocation of the interim presumption of disability due to pneumoconiosis under 20 C.F.R., § 727.203(a), was error as a matter of law. Such consideration would have been error before Stapleton, however, this court in Stapleton overruled its prior decisions and held that, under 20 C.F.R. § 727.203(b), the ALJ is required to look at all relevant medical evidence and that tests which fail to satisfy the requirements for invocation of the interim presumption may be used for rebuttal purposes. Similarly, appellees originally argued that there was insufficient evidence to invoke the interim presumption under 20 C.F.R. § 727.203(a). This is no longer a valid argument because there is an x-ray, dated May 1978, which was read by Dr. J.S. Gordonson to show that Sleboda did suffer from pneumoconiosis, and under Stapleton, a single x-ray read positive for pneumoconiosis is sufficient to invoke the interim presumption.
 
 
 3
 Stapleton has resolved the aforementioned issues, and Sleboda's appeal is now focused upon this court's review of the decision of the ALJ as affirmed by the BRB.
 
 
 4
 Sleboda also argues that the ALJ erred in discounting his testimony as to his health and basing her ruling on the medical evidence. Although the opinion of the ALJ is unclear as to which portion of 20 C.F.R. § 727.203(a) was used to invoke the interim presumption of disability, the opinion can, as Appellant conceded at oral argument, only be read to hold that the interim presumption of disability was invoked by the ALJ. Subsequently, the ALJ found that the employer had successfully rebutted the presumption pursuant to 20 C.F.R. § 727.203(b)(3) and (b)(4) by showing that Sleboda was not totally disabled and did not have pneumoconiosis. The BRB affirmed the decision of the ALJ.
 
 
 5
 In reviewing the findings of the ALJ and the BRB, this court is bound to accept findings of fact and conclusions of law which are supported by substantial evidence and in accordance with the law. Wilson v. Benefits Review Board, 748 F.2d 198 (4th Cir.1984). The evidence includes x-rays, pulmonary function studies and medical reports by Dr. Ralph Jones and Dr. Willard Pushkin. Only the x-ray reading by Dr. Gordonson found undisputed evidence of pneumoconiosis. While Dr. Pushkin did perform a pulmonary function study which satisfied the requirements for the invocation of the interim presumption, Dr. Pushkin discounted these results based upon his belief that there was an indication of sub-maximal effort. Dr. Pushkin, in his report, stated that Sleboda was not impaired by pneumoconiosis. Similarly, Dr. Jones in his report found no evidence of pneumoconiosis. In light of the foregoing, it is clear that there is substantial evidence in the record to support the finding of the ALJ that the interim presumption of disability was rebutted by a showing that Sleboda was not totally disabled by pneumoconiosis. 20 C.F.R. § 727.203(b)(3).
 
 
 6
 Regarding appellant's claim that the ALJ improperly disregarded his testimony, it is well settled that the evaluation of a witness is primarily the function of the trier of fact, and credibility determinations must be affirmed unless arbitrary or unreasonable. See Cardillo v. Liberty Mutual Insurance Co., 330 U.S. 469, 477-478 (1947). The ALJ stated that she had considered Sleboda's testimony but found it to be overwhelmed by the medical evidence. There is nothing in the record which implies that the ALJ's evaluation was either arbitrary or unreasonable.
 
 
 7
 The decision of the Benefits Review Board is therefore
 
 
 8
 AFFIRMED.